UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY AVILES, BRADLEY DURBIN, and STANLA LINDOR, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>HARD ROCK CAFE INTERNATIONAL (USA), INC.,<br><br>Defendant. | Index No.: 17 CV<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Named Plaintiffs TIMOTHY AVILES, BRADLEY DURBIN, and STANLA LINDOR, by their attorneys Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to Labor Law Article 19 § 663, Labor Law Article 6 §§ 190 et seq., New York Labor Law § 196-d, and 12 NYCRR §§ 146-1.1, 1.3, 1.4, 1.6, 1.7, and 2.2, Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), to recover unpaid wages and overtime compensation owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by HARD ROCK CAFE INTERNATIONAL (USA), INC. ("Defendant" or "Hard Rock") at its Times Square location.

2. Defendant operates a business engaged in the food service, catering, and restaurant industry.

3. Upon information and belief, beginning in December 2011 and continuing through the present, Hard Rock has engaged in a policy and practice of requiring its employees to perform off the clock work on a weekly basis without providing wages as required by applicable state law.

4. Upon information and belief, beginning in December 2011 and continuing through the present, Hard Rock has engaged in a policy and practice of requiring its employees to regularly work in excess of 40 hours per week, without providing proper overtime compensation as required by applicable state law.

5. Upon information and belief, beginning in December 2011 and continuing through the present, Hard Rock has engaged in a policy and practice of failing to pay employees whose spread of hours is greater than ten an additional hour of pay at the basic minimum hourly rate.

6. Upon information and belief, beginning in approximately December 2011 and continuing through the present, Hard Rock has charged customers a gratuity on all group and private events.

7. Upon information and belief, beginning in approximately December 2011 and continuing through the present, Hard Rock has engaged in a policy and practice of failing to properly remit the entire gratuity to its service employees, in violation of New York Labor Law Article 6 § 196-d and the cases interpreting the same.

8. Upon information and belief, beginning in approximately December 2011 and continuing through the present, Hard Rock has engaged in a policy and practice of failing to provide its employees with proper notice of their wages.

9. Upon information and belief, beginning in approximately December 2011 and continuing through the present, Hard Rock has engaged in a policy and practice of failing to reimburse its employees for business born expenses borne for the benefit and convenience of the Hard Rock, namely the laundering and maintenance of uniforms.

10. Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including unpaid wages, overtime wages, and gratuity, which they were deprived of, plus interest, liquidated damages, attorneys' fees, and costs.

## JURISDICTION

11. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

12. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

13. Plaintiff Timothy Aviles is an individual who currently resides in the County of Bronx, State of New York.

14. Plaintiff Bradley Durbin is an individual who currently resides in the County of Kings, State of New York.

15. Plaintiff Stanla Lindor is an individual who currently resides in the County of Kings, State of New York.

16. Upon information and belief, Defendant HARD ROCK CAFE INTERNATIONAL (USA), INC. is a foreign business corporation organized and existing under the laws of the State of Florida, and is authorized to do business in the State of New York.

17. Hard Rock's business involves interstate commerce.

18. Hard Rock has an annual dollar volume of sales or business done of at least $500,000.00.

## **CLASS ALLEGATIONS**

19. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20. This action is brought on behalf of the Named Plaintiffs and a class consisting of other persons who performed work for Hard Rock as employees in nonexempt, server positions and who did not execute an arbitration agreement with Hard Rock.

21. The Named Plaintiffs and putative class members are all victims of Hard Rock's common policy and/or plan to violate Labor Law statutes by failing to provide proper wages, including overtime compensation for work performed.

22. Hard Rock uniformly applied the same employment practices, policies, and procedures to all employees.

23. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 300 individuals. In addition, the names of all potential members of the putative class are not known.

24. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to (1) whether Hard Rock required the Named Plaintiffs and members of the putative class to perform off the clock work without providing proper hourly wages, (2) whether Hard Rock failed to pay the Named Plaintiffs and members of the putative class overtime compensation at one and one-half times their respective regular rate of pay for all hours worked in excess of 40 in a given workweek, (3) whether Hard Rock charged customers a gratuity or service charge for catered events, (4) whether Hard Rock and/or its agent(s) unlawfully retained employees' tips, (5) whether Hard Rock properly notified the Named Plaintiffs and members of the putative class of their proper hourly wages, (6) whether Hard Rock required the Named Plaintiffs and members of

4

the putative class to wear uniforms, and (7) whether Hard Rock failed to reimburse the Named Plaintiffs and members of the putative class for the laundering and maintenance of such uniforms.

25. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all subject to Hard Rock's policies and practices of failing to pay employees all earned wages, including overtime compensation and gratuities. The Named Plaintiffs and putative class members thus have sustained similar injuries as a result of Hard Rock's actions.

26. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

27. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Hard Rock. Furthermore, the damages for each individual are small compared to the expense and burden of individualized prosecutions of this litigation. Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Hard Rock's policies.

29. Prosecuting and defending multiple actions would be impracticable.

30. Managing a class action will not result in undue difficulties.

## **FACTS**

31. Plaintiff Aviles worked for Hard Rock from approximately September 2006 to November 2017 as a server.

32. As of his last date of employment, Plaintiff Aviles was payed $11.00 per hour and Hard Rock took a $3.50 tip credit per hour from his pay.

5

33. Plaintiff Durbin worked for Hard Rock from approximately June 2005 to June 2008 and again from approximately April 2014 to November 2017 as a supervising server.

34. As of his last date of employment, Plaintiff Durbin was payed $11.00 per hour and Hard Rock took a $3.50 tip credit per hour from his pay.

35. Plaintiff Lindor worked for Hard Rock from approximately May 2015 to November 2017 as a server.

36. As of her last date of employment, Plaintiff Lindor was payed $11.00 per hour and Hard Rock took a $3.50 tip credit per hour from her pay.

37. The Named Plaintiffs were non-exempt hourly employees.

38. The Named Plaintiffs worked more than 40 hours each week during the course of their employment.

39. The Named Plaintiffs and members of the putative class were not paid for all the hours they worked.

40. The Named Plaintiffs and members of the putative class were routinely instructed by Hard Rock to "clock" fewer than 40 hours per week.

41. The Named Plaintiffs and members of the putative class were constructively required to work through their breaks.

42. The Named Plaintiffs and members of the putative class would routinely "clock out" and continue to work under another employee's ID number until their break was over.

43. The Named Plaintiffs' paychecks would routinely reflect that they had worked fewer hours than they actually had.

44. Upon information and belief the paychecks of putative class members would also reflect that they had worked fewer hours than they actually had.

45. The Named Plaintiffs and, upon information and belief, members of the putative class, would regularly have work days with a spread of hours greater than ten hours.

46. Upon information and belief, Hard Rock failed to pay the Named Plantiffs and members of the putative class an additional hour of pay on days where the spread of hours was greater than ten hours.

47. The Named Plaintiffs and members of the putative class worked group events, also called "PXs," on a regular basis at Hard Rock.

48. Named Plaintiffs Aviles and Durbin and members of the putative class worked private events on a regular basis at Hard Rock.

49. Upon information and belief, Hard Rock hosts in excess of # of private events every year.

50. Upon information and belief, Hard Rock charges customers either a gratuity or service charge for these group and private events, which is reflected on documents provided to customers.

51. Upon information and belief, reasonable patrons would have understood the service charge to be in the nature of a gratuity.

52. Upon information and belief, Hard Rock retained all or part of this gratuity.

53. Upon information and belief, Hard Rock failed to disclaim that the service charge was not a gratuity for the servers.

54. Upon information and belief, the Named Plaintiffs and members of the putative class did not receive their allocated share of the gratuity or service charges for these group and private events.

55. The Named Plaintiffs and members of the putative class are required to wear a uniform during work as part of their employment with Hard Rock.

56. The Named Plaintiffs and members of the putative class were responsible for laundering and maintaining their uniforms.

57. The Named Plaintiffs and members of the putative class were "employees" pursuant to Labor Law § 190, 12 NYCRR § 146-3.2 and 29 U.S.C. §203(e).

58. Hard Rock is an "employer" pursuant to Labor Law § 190, Labor Law § 651, and 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION AGAINST DEFENDANT:
## <u>FLSA MINIMUM WAGE COMPENSATION</u>

59. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

60. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: **(1)** except as otherwise provided in this section, not less than— **(A)** $5.85 an hour, beginning on the 60th day after May 25, 2007; **(B)** $6.55 an hour, beginning 12 months after that 60th day; and **(C) $**7.25 an hour, beginning 24 months after that 60th day."

61. Hard Rock failed to pay the Named Plaintiffs and members of the putative class at least the minimum wage rate for all hours worked.

62. Upon information and belief, the failure of Hard Rock to pay the Named Plaintiffs and members of the putative class their rightfully owed wages was willful.

63. By the foregoing reasons, Hard Rock is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT:
### FLSA OVERTIME COMPENSATION

64. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

65. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

66. Hard Rock failed to pay the Named Plaintiffs and members of the putative class overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked after the first 40 in any given week.

67. Upon information and belief, the failure of Hard Rock to pay the Named Plaintiffs and members of the putative class their rightfully owed overtime compensation was willful.

68. By the foregoing reasons, Hard Rock is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT:
### FAILURE TO PAY WAGES

69. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs

70. Pursuant to 12 NYCRR § 146-1.2 and Labor Law § 652, "Every employer of eleven or more employees shall pay to each of its employees for each hour worked in the city of New York a wage of not less than…$11.00 per hour on and after December 31, 2017; $13.00 per hour on and after December 31, 2017; [and] $15.00 per hour on and after December 31, 2018…"

9

71. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Named Plaintiffs and members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

72. By failing to pay the Named Plaintiffs and members of the putative class proper wages for time worked, Hard Rock violated Labor Law § 191.

73. Pursuant to Labor Law § 193, "[n]o employer shall make any deduction from the wages of an employee," such as the Named Plaintiffs and members of the putative class, that is not otherwise authorized by law or by the employee.

74. By withholding wages from the Named Plaintiffs and members of the putative class, pursuant to Labor Law § 193 and the cases interpreting same, Hard Rock made unlawful deductions.

75. Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

76. Upon information and belief, the failure of Hard Rock to pay proper wages to the Named Plaintiffs and members of the putative class was willful.

77. By the foregoing reasons, Hard Rock is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT:
<u>NEW YORK OVERTIME COMPENSATION</u>**

78. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

79. Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate… the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by one and one-half, minus the tip credit."

80. Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

81. The Named Plaintiffs and, upon information and belief, other members of the putative class, routinely worked more than 40 hours per week while working for Hard Rock.

82. The Named Plaintiffs and, upon information and belief, other members of the putative class, did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

83. According to the Labor Law, implementing regulations, and the cases interpreting same, the Named Plaintiffs and other members of the putative class are not exempt from receiving overtime compensation.

84. Consequently, by failing to pay the Named Plaintiffs and other members of the putative class overtime compensation, Hard Rock violated Labor Law § 663 and 12 NYCRR § 146-1.4.

85. Upon information and belief, the failure of Hard Rock to pay overtime compensation to the Named Plaintiffs and members of the putative class was willful.

86.     By the foregoing reasons, Hard Rock is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANT:
### SPREAD OF HOURS COMPENSATION

87.     Title 12 NYCRR § 146-1.6 requires that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly reat."

88.     Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

89.     Upon information and belief, Hard Rock failed to pay the Named Plaintiffs and members of the putative class an additional hour of wages on work days where the spread of hours exceeded ten hours.

90.     Upon information and belief, the failure of Hard Rock to pay the Named Plaintiffs and members of the putative class their rightfully owed spread of hours compensation was willful.

91.     By the foregoing reasons, Hard Rock is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANT:
### FAILURE TO PROVIDE PROPER WAGE NOTICES

92.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

93.     Pursuant to Labor Law § 195(1)(a), 12 NYCRR 146-2.2, and the cases interpreting same, employers like Hard Rock must provide its employees at the time of hiring, and upon any

change in the employee's hourly rates of pay, "written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate."

94. Title 12 NYCRR § 146-3.5 defines "regular rate of pay" as "the amount that employee is regularly paid for each hour of work, before subtracting a tip credit, if any."

95. Upon information and belief, Hard Rock failed to properly disclose their regular hourly pay rate and overtime hourly pay rate to the Named Plaintiffs and members of the putative class.

96. Upon information and belief, the failure of Hard Rock to provide proper wage notices to the Named Plaintiffs and members of the putative class was willful.

97. By the foregoing reasons, Hard Rock is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANT: UNLAWFUL WITHOLDING OF GRATUITIES

98. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

99. Gratuities provided by Hard Rock's customers to Plaintiffs constitute "wages" as that term is defined under Article 6 of the New York Labor Law, specifically including but not limited to Labor Law §§ 193, 196-d, 198(3).

100. Pursuant to New York Labor Law § 196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

13

101. Pursuant to 12 NYCRR 146-2.18(b), "There shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for 'service' or 'food service,' is a charge purported to be a gratuity."

102. Pursuant to 12 NYCRR 146-2.19(b), "The employer has the burden of demonstrating, by clear and convincing evidence, that the notification [via a disclaimer] was sufficient to ensure that a reasonable customer would understand that such charge was not purported to be a gratuity."

103. Hard Rock failed to pay the Named Plaintiffs and members of the putative class their allocated share of the gratuities.

104. Upon information and belief, the failure of Hard Rock to pay the Named Plaintiffs and members of the putative class their rightfully owed share of gratuities was willful.

105. By the foregoing reasons, Hard Rock is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANT: FAILURE TO PAY ADDITIONAL AMOUNTS FOR LAUNDERING REQUIRED UNIFORMS

106. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

107. The NYLL and the regulations promulgated thereunder, 12 NYCRR §142-2.5(c)(1)(i), provide that "[w]here an employer fails to launder or maintain required uniforms for any employee, he shall pay such employee in addition to the minimum wage" a weekly amount based on the number of hours worked by such employee, "where employees who work over 30 hours per week shall be paid the High rate, employees who work more than 20 hours but fewer

than 30 hours shall be paid the Medium rate and employees who work 20 hours or fewer shall be paid the Low rate."

108. Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

109. Hard Rock failed to pay the Named Plaintiffs and members of the putative class their uniform maintenance allowance at the proscribed weekly amount.

110. Upon information and belief, the failure of Hard Rock to pay the Named Plaintiffs and members of the putative class their rightfully owed uniform maintenance allowance was willful.

111. By the foregoing reasons, Hard Rock is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of all other persons similarly situated, seek the following relief:

(1) on the first cause of action against Hard Rock in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(2) on the second cause of action against Hard Rock in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(3) on the third cause of action against Hard Rock in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(4)     on the fourth cause of action against Hard Rock in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(5)     on the fifth cause of action against Hard Rock in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(6)     on the sixth cause of action against Hard Rock in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(7)     on the seventh cause of action against Hard Rock in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(8)     on the eighth cause of action against Hard Rock in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(9)     together with such other and further relief the Court may deem appropriate.

Dated:  New York, New York
        December 11, 2017

                            VIRGINIA & AMBINDER, LLP

                            By:     /s/
                                   Lloyd Ambinder, Esq.
                                   LaDonna Lusher, Esq.
                                   Claire Vinyard, Esq.
                                   40 Broad Street, 7th Floor
                                   New York, NY 10004
                                   lambinder@vandallp.com
                                   llusher@vandallp.com
                                   cvinyard@vandallp.com

                            *Attorneys for Named Plaintiff and the Putative Class*