UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TIMOTHY AVILES, BRADLEY DURBIN AND STANLA LINDOR, individually and on behalf of other persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>HARD ROCK CAFE INTERNATIONAL (USA) INC.,<br><br>*Defendant.* | NO.: 1:17-CV-09723 (SN)<br><br>**DECLARATION OF LLOYD AMBINDER** |

LLOYD AMBINDER, an attorney admitted to practice law before the United States District Court for the Southern District of New York, hereby affirms under the penalties of perjury that:

1.      I am a partner with the firm of Virginia & Ambinder, LLP which represents Plaintiffs Timothy Aviles, Bradley Durbin, Stanla Lindor and members of the proposed settlement class in this action. I submit this declaration in support of Plaintiffs' unopposed motion for final approval of the proposed settlement.

2.      Annexed hereto are the following Exhibits:

Exhibit A:      Joint Stipulation of Settlement and Release.

Exhibit B:      Declaration of Jarrod Salinas ("Salinas Decl.") of Simpluris, Inc. with annexed CAFA Notice and true copies of the Notice and Claim Form.

Exhibit C:      Proposed Final Order.

3.      Before entering into the settlement, the parties exchanged early discovery in an attempt to narrow the issues and achieve an early resolution of the case. In particular, Hard Rock Café ("HRC") produced nearly 5,000 pages of documents and data concerning Named Plaintiffs,

including their pay records, time records, wage notices, pertinent employment policies and Plaintiffs' acknowledgements of receipts of same; documentation concerning the group and private events worked by Plaintiffs during their employment, and uniform issuance forms. Additionally, HRC produced a sampling of private event documentation for 20 random current or former servers.) The parties also exchanged and responded to written discovery requests.

4.    The HRC production was reviewed and summarized by a certified public accountant (CPA) engaged by Plaintiffs' counsel. The CPA prepared a damage report for use in discovery and during the settlement process supervised by Magistrate Judge Netburn. As a result of this early discovery, Plaintiffs' agreed not to pursue their unpaid spread of hours claim, unlawful withholding of tips and gratuities claim, and failure to provide wage notice claim. Of the remaining claims, Plaintiffs focused on their FLSA and NYLL unpaid minimum wage claims on the theory that they were forced to work through their meal breaks and were not compensated for their attendance at pre-shift meetings and their NYLL uniform maintenance pay claim.

5.    On September 24, 2018, the parties appeared for a half-day settlement conference with Magistrate Judge Netburn, which was attended by the Named Plaintiffs and HRC's corporate representatives. No agreement was reached that day however many issues were resolved, and the parties agreed to continue discussions.

6.    Through October and into November 2018, the parties had several rounds of settlement discussions. On November 9, 2018, the parties reached an agreement on all material terms of the settlement, which are memorialized in the proposed Joint Stipulation of Settlement and Release. At all times, the settlement negotiations were conducted at arm's length resulting in this Court's preliminary approval of the settlement by Order dated February 19, 2019.

7.      Class Counsel has received the following information from Jarrod Salinas, Case Manager for Simpluris, Inc. regarding the settlement administration process (Exhibit B Salinas Decl.):

a.  Notice was distributed by first class mail on March 27, 2019 to 413 FLSA Collective Members and Rule 23 Class Members[1];

b.  Of the 413 Notices distributed by mail, 55 were returned with a forwarding address and promptly re-mailed.

c.  Of the 413 Notices distributed by mail, six were returned with no forwarding address.  Simpluris could not locate these individuals.

d.   There were three late claimants who will be permitted to participate in the settlement.

e.  A total of 131claims were filed.

f.  There were no objections or opt-outs.

8.      As of this date, there are 131 Participating Class Members who will be paid their portion of the Net Settlement Amount, estimated to be $229,005.00. The Net Settlement Amount available to pay Participating Class Members was determined as follows:

a.      Gross Settlement Fund: $375,000.00

b.      Less Attorneys' Fees and Costs -$125,000.00

c.      Less Settlement Administration -$ 14,995.00

d.      Less Plaintiff Service Awards -$ 6,000.00

e.      Participating Class Member Payments -$126,498.39

---

[1] FLSA Collective Members included all individuals who were employed by HRC as servers at its Times Square location in New York City, New York between December 11, 2014 and February 19, 2019, the date of the Preliminary Approval Order, and who endorse their Settlement Checks or have filed a separate consent to join the lawsuit and then endorse their Settlement Checks. FLSA Collective Members are also members of the Class.

       f.       Unclaimed Funds Due to Defendant $102,506.61

9.      As of this date, the highest Settlement Share to be paid is approximately $2,125.68 and the *average* Settlement Share to be paid is approximately $965.64. (See Salinas Decl. ¶12)

10.    Simpluris sent the required notices to federal and state authorities as required by the Class Action Fairness Act ("CAFA") Simpluris was also directed to administer the notice mandated under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715, to the U.S. Attorney General and to the Attorney Generals of all states and territories where class members reside. Simpluris mailed the notice to these persons on March 11, 2019 and provided Class Counsel with copies of the required notices. No comments were issued and the 90-day CAFA notice period concluded on or about June 11, 2019. A true and correct copy of the CAFA notice is attached to the Salinas Decl. as Exhibit B**.**

11.    The Claims Administrator retained by the Parties has provided an estimated bill for services in the amount of $14,995.00, which covered, among other things, the cost of printing and mailing to Class Members the Notice Materials; receiving and processing Claim Forms submitted by Class Members; providing weekly updates to the Parties; and other tasks as agreed by the Parties or ordered by the Court.

    WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court enter an order (a) certifying the Rule 23 Class for purposes of settlement only, (b) entering judgment in accordance with the Settlement Agreement, (c) approving the settlement and Settlement Agreement as final, fair, reasonable, adequate, and binding on all Rule 23 Class Members who have not timely opted out, (d) approving the FLSA settlement, (e) dismissing the litigation with prejudice, and (f) approving costs to the settlement administrator from the QSF.

Dated: New York, New York
       August 19, 2019

VIRGINIA & AMBINDER, LLP

/s/ Lloyd Ambinder_____
40 Broad Street, 7th Floor
New York, New York 10004
Tel : (212) 943-9080