Case 1:17-cv-09723-SN   Document 72   Filed 09/10/19   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/10/2019

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY AVILES, BRADLEY DURBIN AND STANLA LINDOR, individually and on behalf of other persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>HARD ROCK CAFE INTERNATIONAL (USA) INC.,<br><br>*Defendant.* | NO.: 1:17-CV-09723 (SN)<br><br>**FINAL ORDER** |

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with the Joint Stipulation of Settlement and Release ("Stipulation", *see* Ambinder Declaration Ex. A) which sets forth the terms and conditions for the settlement of the Lawsuit against Defendant and for dismissal of the Lawsuit against Defendant with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Stipulation, the memorandum of law in support of final approval, the memorandum of law in support of attorneys' fees and service awards, and the Declaration of Lloyd Ambinder, and exhibits attached thereto;

WHEREAS, on February 25, 2019 this Court issued an order preliminarily approving the proposed settlement agreement and providing for court approved notice of the settlement to the Rule 23 Class Members and FLSA Collective Members. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiffs, Rule 23 Class Members, and FLSA Collective Members. Pursuant to Rule 23(e) of the

Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, Class Counsel has advised that no written objections to the settlement have been received and no class members have opted out of the settlement. Further, no one appeared at the Fairness Hearing, held on September 10, 2019, to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Court is satisfied that the proposed settlement meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Rule 23 Class Members and Participating Claimants.

2. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Stipulation.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final certification, for settlement purposes only, of a Rule 23 Class consisting of all hourly employees currently or formerly employed by HRC as servers at its Times Square location located at 1501 Broadway, New York, NY, 10036, between December 11, 2011, and December 11, 2017, and who did not file Opt-out Statements, as they meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4. The settlement as set forth in the Stipulation is approved and is, in all respects, fair, reasonable, adequate, and in the best interests of the Named Plaintiff, Participating Claimants, and the Rule 23 Class Members, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

5. All terms and provisions of the Stipulation shall be implemented.

6. Class Counsel shall be awarded attorneys' fees and costs in the amount of One Hundred and Twenty-Five Thousand Dollars ($125,000.00), which is equivalent to a .84 multiplier ($125,000.00 ÷ $148,489.50 billings) multiplier of their lodestar.

7. For services rendered on behalf of the Lawsuit and Class Members, Named Plaintiffs Aviles, Durbin, and Lindor shall be awarded $2,000.00 each. This service award is in addition to the settlement amount they are eligible to receive pursuant to the Stipulation as a member of the Rule 23 Class Members and FLSA Collective Members.

8. Rule 23 Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released or discharged Defendant from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendant, any and all claims released in the Stipulation. All such matters are hereby finally concluded, terminated, and extinguished.

9. The Court hereby dismisses the Lawsuit with prejudice and enters Judgment pursuant to the Stipulation and in accordance with Fed. R. Civ. P. 58.

10. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

September 10, 2019
New York, New York